UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**
William H. Oliver
OLIVER & LEGG, LLC
2240 Highway 33, Suite 112
Neptune, New Jersey 07753
732-988-1500
Attorney for Debtor/Plaintiff

| | |
|---|---|
| In Re: | Case No.: 20-12102 |
| TEDDY & HELEN V. SOTO | Adv. No: TBD |
| Debtors | Chapter: 13 |
| ................................................................ | Judge: CMG |
| TEDDY & HELEN V. SOTO | |
| Plaintiffs, | |
| vs. | |
| LVNV FUNDING LLC; & MIDLAND FUNDING LLC | |
| Defendants. | |

## COMPLAINT

Teddy and Helen Soto (the "Debtors"), by and through their attorneys, William H. Oliver, Jr. and the Law Offices of Oliver & Legg, LLC, by way of Complaint against LVNV Funding LLC and Midland Funding LLC (the "Defendants"), respectfully allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction in this matter exists by virtue of 28 U.S.C. § 1334 and § 157.

2. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. § 547 and 28 U.S.C. § 157 (b)(2)(A)(F) and/or (O).

3. Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1409.

4. On February 27, 2020, the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

5. LVNV Funding, LLC is a business located at 6801S Cimarron Road, Suite 424-J, Las Vegas, NV 89113, actively licensed as and practicing as a debt collector in the State of New Jersey.

6. Midland Funding, LLC is a business located at 350 Camino de la Reina, Suite 300, San Diego, CA 9210, actively licensed as and practicing as a debt collector in the State of New Jersey.

7. Joinder of the Defendants is appropriate as a result of claims arising from the same transaction / occurrence and common questions of law and fact.

## FACTUAL ALLEGATIONS

8. On July 5, 2019, the Social Security Administration made two direct deposits into Teddy and Helen Soto's TD Bank account, account number ending in 8664, in the amounts of $24,180.05 and $11,004, as a result of back-payment for social security disability benefits for Teddy Soto.

9. On August 6, 2019, LVNV Funding LLC, as assignee and owner of debt incurred by use of a Capital One, N.A. account, filed a Complaint against Helen Soto in the Superior Court of New Jersey, docket number OCN-DC-008156-19, seeking judgment of $5,024.24 based on a default of debt incurred on the account.

10. On September 30, 2019, Judgment was entered against Helen Soto in the amount of $5,024.24, with other costs and fees totalling $5,794.66.

11. On October 28, 2019, a Request for Execution Against Goods and Chattels was filed, requesting levy against Helen Soto's bank accounts.

12. On October 30, 2019, a Writ of Execution was entered by the Court.

13. On November 7, 2019, TD Bank processed the levy on the account of Teddy and Helen Soto, account number ending with 8664, in the amount of $5,794.66, plus a levy fee of $125.

14. On December 19, 2019, the Honorable James W. Palmer, Jr. entered an Order to Turn Over Funds that Satisfy the Judgment, ordering TD Bank, 900 Atrium Way, Mount Laurel, NJ 08054 to turnover to the Officer of the Court, the sum of $5,794.66, which was previously levied upon.

15. On November 12, 2019, Teddy Soto opened an individual TD Bank Account, account number ending 1057, to protect his social security benefits from unlawful levies. Teddy Soto transferred $15,187.83 of benefits from the account ending 8664 to the new account ending 1057.

16. On November 18, 2019, Midland Funding LLC, as assignee and owner of debt incurred by the use of a Synchrony Bank (Lowes) account, filed a Complaint against Teddy Soto in the Superior Court of New Jersey, docket number OCN-DC-011984-19, seeking a judgment of $4,607.37, based on a default of the debt incurred on the account.

17. On December 31, 2019, Judgement was entered against Teddy Soto in the amount of $4,607.37 with other costs and fees totalling $5,210.68.

18. On January 22, 2020, a Request for Execution Against Goods and Chattels was filed, requesting levy against Teddy Soto's bank accounts.

19. On January 24, 2020, a Writ of Execution was entered by the Court.

20. On February 7, 2020, TD Bank processed the levy on the account of Teddy Soto, account number ending in 1057, in the amount $4,728.72, plus a levy fee of $125 and over draft fees of $70.

21. On February 7, 2020, Teddy and Helen Soto filed a Joint Chapter 13 Voluntary Petition for Bankruptcy.

**COUNT I AGAINST LVNV**
**(PREFERENCE (Account ending 8664))**

22. The allegations contained in paragraph 1 – 21 are incorporated herein as if fully restated in their entirety.

23. This Count is brought pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code, which states that a transfer of an interest of the debtor in property may be avoided if made to or for the benefit of a creditor, for or on account of an antecedent debt owed by the debtor before such transfer was made, while the debtor was insolvent, made on or within 90 days before the date of the filing of the petition, that enables such creditor to receive more than such creditor would have received if the case were filed under chapter 7 and the transfer had not been made and such creditor received payment for such debt to the extent provided under bankruptcy law.

24. The Plaintiffs' interest in the funds of the joint bank account ending 8664 was involuntarily transferred to the Defendant, LVNV Funding LLC on December 19, 2019, within 90 days before the date of the filing of the Bankruptcy Petition which occurred on February 7, 2020.

25. The transfer was for the financial benefit of the Defendant, LVNV Funding LLC.

26. The transfer was for or on account of an antecedent debt – credit card debt – owed by the Plaintiff before the transfer was made.

27. The transfer was made while the Plaintiff was insolvent.

28. The transfer enabled the Defendant, LVNV Funding LLC to receive more than it would have received if the Plaintiff was in a case under chapter 7 of the

   Bankruptcy Code, the transfer had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of title 11 because the value of the property greatly exceeds Defendant's claim.

29. The Transfer is thus voidable pursuant to 11 U.S.C. §547 (b) of the Bankruptcy Code.

  **WHEREFORE** Plaintiff respectfully requests this Honorable Court enter judgment:

 a. Setting aside the transfer pursuant to 11 U.S.C § 547 (b);

 b. Recovering the Property on behalf of the Plaintiff and the Debtor's estate pursuant to 11 U.S.C. § § 550 and 551;

 c. Such further relief as the Court may deem just and equitable.

## COUNT II AGAINST LVNV
### (VIOLATION OF 42 U.S.C. 407)

30. The allegations contained in paragraph 1 – 29 are incorporated herein as if fully restated in their entirety.

31. This Count is brought pursuant to 42 U.S.C. § 407 of the Social Security Act, governing assignment of benefits.

32. Pursuant to section 407, social security benefits are exempt from execution, levy, attachment, garnishment, or other legal process.

33. The funds that were levied against by LVNV in the account ending 8664 were Teddy Soto's social security benefits and were exempt from levy.

  **WHEREFORE** Plaintiff respectfully requests this Honorable Court order turnover of the funds levied against the account ending 8664.

## COUNT III AGAINST LVNV
### (Violation of the New Jersey Multiple-Party Deposit Account Act)

34. The allegations contained in paragraph 1 – 33 are incorporated herein as if fully restated in their entirety.

35. This Count is brought pursuant to a violation of the Multiple-Party Deposit Account Act, Chapter 16I of the New Jersey Annotated Statutes. The act creates a presumption that a joint account belongs to the parties in proportion to the net contribution by each party to the sums on deposit. N.J. Stat. § 17:16I-4.

36. A judgment creditor of one spouse cannot levy upon a joint bank account of a married couple unless the judgment creditor demonstrates that the funds in the joint account are the individual property of the judgment debtor. *See, e.g., Banc of America Leasing and Capital, LLC v. Fletcher-Thompson Inc.,* 453 N.J. Super. 50, 179 A.3d 1058 (App. Div. 2018).

37. The funds levied against Helen Soto by LVNV in the joint account of the Teddy and Helen Soto were not the individual property of Helen Soto, but rather Teddy Soto, based on his social security and wage contributions.

**WHEREFORE** Plaintiff respectfully requests this Honorable Court order turnover of the funds levied against the account ending 8664.

### COUNT IV AGAINST MIDLAND
### (PREFERENCE (Account ending 1057))

38. The allegations contained in paragraph 1 – 37 are incorporated herein as if fully restated in their entirety.

39. This Count is brought pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code, which states that a transfer of an interest of the debtor in property may be avoided if made to or for the benefit of a creditor, for or on account of an antecedent debt owed by the debtor before such transfer was made, while the debtor was insolvent, made on or within 90 days before the date of the filing of the petition,

that enables such creditor to receive more than such creditor would have received if the case were filed under chapter 7 and the transfer had not been made and such creditor received payment for such debt to the extent provided under bankruptcy law.

40. The Plaintiff, Teddy Soto's interest in the funds of the individual bank account ending 1057 was involuntarily transferred to the Defendant, Midland Funding LLC on February 7, 2020, within 90 days before the date of the filing of the Bankruptcy Petition which also occurred on February 7, 2020.

41. The transfer was for the financial benefit of the Defendant, Midland Funding LLC.

42. The transfer was for or on account of an antecedent debt – credit card debt – owed by the Plaintiff, Teddy Soto before the transfer was made.

43. The transfer was made while the Plaintiff, Teddy Soto was insolvent.

44. The transfer enabled the Defendant, Midland Funding LLC to receive more than it would have received if the Plaintiff was in a case under chapter 7 of the Bankruptcy Code, the transfer had not been made, and the Defendant received payment of such debt to the extent provided by the provisions of title 11 because the value of the property greatly exceeds Defendant's claim.

45. The Transfer is thus voidable pursuant to 11 U.S.C. §547 (b) of the Bankruptcy Code.

**WHEREFORE** Plaintiff respectfully requests this Honorable Court enter judgment:

a. Setting aside the transfer pursuant to 11 U.S.C § 547 (b);

b. Recovering the Property on behalf of the Plaintiff and the Debtor's estate pursuant to 11 U.S.C. § § 550 and 551;

    c.      Such further relief as the Court may deem just and equitable.

## COUNT V AGAINST MIDLAND
### (VIOLATION OF 42 U.S.C. 407)

46. The allegations contained in paragraph 1 – 45 are incorporated herein as if fully restated in their entirety.

47. This Count is brought pursuant to 42 U.S.C. § 407 of the Social Security Act, governing assignment of benefits.

48. Pursuant to section 407, social security benefits are exempt from execution, levy, attachment, garnishment, or other legal process.

49. The funds that were levied against by Midland in the account ending 1057 the social security benefits of Teddy Soto and were exempt from levy.

**WHEREFORE** Plaintiff respectfully requests this Honorable Court order turnover of the funds levied against the account ending 1057.

Dated: May 29, 2020              /s/ William H. Oliver
                                          WILLIAM H. OLIVER, JR.
                                          Attorney for Debtor